Danny Yadidsion (SBN 260282)
LABOR LAW PC
100 Wilshire Blvd., Suite 700
Santa Monica, California 90401
Telephone: (310) 494-6082
Facsimile: (877) 775-2267
Danny@LaborLawPC.com

Attorneys for Plaintiff JEFFREY BRYCE, individually and on behalf of all others similarly situated

[*Additional counsel continued on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BRYCE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THC-ORANGE COUNTY, INC., a California corporation, KINDRED HEALTHCARE OPERATING, INC., a Delaware corporation; THC-ORANGE COUNTY, LLC, a California limited liability corporation; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:18-cv-09019-JLS-DFM<br><br>HONORABLE JOSEPHINE L. STATON<br><br>**STIPULATION FOR APPROVAL OF PAGA SETTLEMENT AND DISMISSAL OF ACTION**<br><br>Trial Date: None Set<br>Complaint Filed: September 18, 2018<br>(Los Angeles Superior Court) |

ELIZABETH STAGGS WILSON, Bar No. 183160
estaggs-wilson@littler.com
JAMES PAYER, Bar No. 292158
jpayer@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

MAGGY M. ATHANASIOUS, Bar No. 252137
mathanasious@littler.com
JYOTI MITTAL, Bar No. 288084
jmittal@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendant
KINDRED HEALTHCARE OPERATING, INC. (newly converted to KINDRED HEALTHCARE OPERATING, LLC.) and THC-ORANGE COUNTY, LLC (erroneously named as THC-ORANGE COUNTY, LLC and THC-ORANGE COUNTY, INC. as separate entities)

**STIPULATION OF SETTLEMENT AND REQUEST FOR DISMISSAL**

Defendants THC-Orange County, LLC (erroneously named as THC-Orange County, Inc. and THC-Orange County, LLC as separate entities, formerly known as THC-Orange County, Inc.) and Kindred Healthcare Operating, Inc. (newly converted to Kindred Healthcare Operating, LLC) ("KHO") ("Defendants") and Plaintiff Jeffrey Bryce ("Plaintiff" or "Bryce") (collectively the "Parties"), by and through their counsel of record, jointly seek: (1) the Court's approval of their Settlement Agreement and the payment described therein resolving Plaintiff's individual claim for relief under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) ("PAGA"); (2) dismissal of Plaintiff's individual claims with prejudice; and (3) dismissal of the class claims and the representative PAGA claims of Aggrieved Employees, other than those of Plaintiff, without prejudice; and (4) all Parties bearing their respective fees and costs except as expressly provided in the PAGA Settlement Agreement.

1. On September 17, 2018, Bryce filed a notice with the Labor and Workforce Development Agency ("LWDA") under the California Private Attorneys General Act ("PAGA") asserting various alleged Labor Code and wage and hour violations, which was also sent to Defendants.

2. On September 18, 2018, Bryce filed a lawsuit against Defendants in the Superior Court for the County of Los Angeles, which was designated as Case No. BC722120, asserting claims for: (1) failure to provide required meal periods; (2) failure to provide required rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum wages; (5) failure to timely pay wages during employment; (6) failure to pay all wages due to discharged and quitting employees; (7) failure to maintain required records; (8) failure to furnish accurate, itemized wage statements; (9) unfair and unlawful business practices; and (10) penalties under the PAGA.

3. On October 18, 2019, Defendants removed the lawsuit to the United States District Court for the Central District of California, which was ultimately

designated as Case No. 2:18-cv-09019-JLS-DFM and assigned to Judge Josephine L. Staton (the "Lawsuit").

4. On December 18, 2018, Defendants were served with an "Amended PAGA Notice" alleging various Labor Code and wage and hour violations (referred to collectively herein with the aforementioned September 17, 2018 correspondence as the "PAGA Notice").

5. By way of the Lawsuit, the PAGA Notice and otherwise, Bryce has asserted and threatens to assert: (i) claims on behalf of himself, the State of California, and other California employees as alleged in the Lawsuit; and (ii) claims on his own behalf not alleged in the Lawsuit including but not limited to wrongful termination from employment ("Individual Claims").

6. Bryce submitted an opt-out notice that was received on or about May 30, 2019 in connection with the class action settlement pending before Judge Staton in *Song v. THC-Orange County, Inc.*, Case No. 8:17-cv-00965-JLS-DFM (C.D. Cal. 2017) ("*Song* Case"), in which he is a member of the certified class, defined as "all persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court" ("Class Member").

7. Defendants deny any and all liability in this Lawsuit. Defendants maintain that they had, and continue to have, legally-compliant employment practices throughout the statutory period in California. Defendants do not admit that they ever violated any provision of the California Labor Code, including, but not limited to, those sections for which Plaintiff seeks relief, or of any other law. However, the Parties desire to resolve all of Plaintiff's individual claims against Defendants and to no longer proceed with this Lawsuit. This Settlement was reached after extensive negotiations and an exchange of relevant information and data. The Parties believe and agree that this Settlement is a fair, adequate, and reasonable resolution of the

Action and have arrived at this Settlement in arms-length negotiations, taking into account all relevant factors, present and potential, as set forth in the Declaration of Danny Yadidsion, filed concurrently herewith.

8. The "Effective Date" of the PAGA Settlement is the date by which all of the following have occurred:

    a. The Court approves the PAGA Settlement; and

    b. The Court issues an order dismissing the Action with prejudice as to Plaintiff's individual claims and without prejudice as to the class claims and the Aggrieved Employees' representative PAGA claim.

9. A true and accurate copy of the Parties' PAGA Settlement Agreement for which they seek Court approval is attached as **Exhibit A**.

10. If approved, the PAGA Settlement will be reported to the LWDA in conformance with Labor Code section 2699(l).

11. The Parties separately negotiated a settlement of Plaintiff's Individual Claims, including a general release of claims and a Civil Code section 1542 waiver, for which additional consideration is being provided and which is memorialized in a separate Confidential Settlement Agreement and Release of Individual Claims.

12. In exchange for the consideration, undertakings and covenants undertaken by Defendants in the PAGA Settlement, Plaintiff will release Defendants THC-Orange County, LLC (formerly THC-Orange County, Inc.), Kindred Healthcare Operating, LLC (formerly Kindred Healthcare Operating, Inc.) and the Releasees[1] of and from all manner of actions, suits, claims, damages, liabilities, penalties,

---

[1] "Releasees" are defined to include THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred Healthcare, LLC, Kindred Healthcare Operating, LLC, First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents.

arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, assigns, executors or administrators hereafter can, shall or may have arising under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) which includes claims brought under the PAGA predicated upon California Labor Code Sections 201-204, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 4, 5, 11, and 12 of the Wage Order, and/or any other California Labor Code provisions that could have been asserted under the PAGA in connection with the Lawsuit and/or PAGA Notice ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims.

13. Upon entry of the Order approving this PAGA Settlement, Plaintiff shall be deemed to have fully, finally, and forever released, relinquished, and discharged each and all of the Releasees from the Released Claims that arose prior the PAGA Settlement.

14. The Parties acknowledge and agree that the representative PAGA claim that is a part of the *Song* case is not and shall not be settled, negotiated, or affected by this individual PAGA Settlement Agreement of Bryce's PAGA Claim

15. In consideration for Plaintiff's agreement to settle and release his individual PAGA claim, Defendants agree to pay four hundred dollars and zero cents ($400.00), of which: (1) $300.00 (representing 75% of said $400.00) will go to the LWDA; and (2) $100.00 will be payable to "Jeffrey Bryce" and shall represent payment for PAGA penalties and for which a form 1099 shall issue. Counsel for Defendants shall distribute said amounts to the LWDA and to Plaintiff no later than fourteen (14) business days of the Court granting approval of the PAGA Settlement.

16. The Parties have agreed to cooperate in obtaining an Order from the Court approving this PAGA Settlement at the earliest possible date. It is the Parties' intent that this Stipulation and Proposed Order satisfy the requirements of California Labor Code section 2699(k)(2). However, the Parties agree to use their best efforts to expedite the preparation and submission of whatever additional documents the Court may require, if any, in order to approve this PAGA Settlement. The Parties further agree to fully cooperate in the drafting and/or filing of any further documents or filings reasonably necessary to be prepared or filed, shall take all steps that may be requested by the Court relating to, or that are otherwise necessary to the approval and implementation of this Settlement. The Court's approval of the Settlement is a condition of the enforceability of this PAGA Settlement. If the Court should for any reason fail to approve the Settlement, then (a) the Settlement shall be considered null and void, (b) neither the Settlement nor any of the related negotiations or proceedings shall be of any force or effect, and (c) all Parties to the Settlement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

17. The PAGA Settlement and compliance with the PAGA Settlement Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or as an admission by Defendants of any violations of Plaintiff's (nor any allegedly Aggrieved Employees') rights, violation of any order, law, statute, duty or contract whatsoever. Defendants specifically disclaim any liability to Plaintiff or any other Aggrieved Employee for any alleged violation of his/her rights, or for any alleged violation of any order, law, statute, duty or contract.

18. Neither the PAGA Settlement nor any of its terms shall be offered or used as evidence by any of the Parties, or their respective counsel in the Lawsuit or in any other action or proceeding; provided, however, this shall not prevent the PAGA Settlement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the PAGA Settlement.

19. The PAGA Settlement is executed voluntarily and without duress or undue influence on the part of or on behalf of any of the Parties, or of any other person, firm or other entity.

20. Defendants and Plaintiff shall each bear their own attorney's fees and costs except as expressly agreed in the settlement of Plaintiff's Individual Claims.

21. As detailed in the Declaration of Danny Yadidsion filed concurrently herewith, the Parties agree and contend that the settlement of Plaintiff's Individual Claims and dismissal of the class claims in this action without prejudice to the putative class is warranted because the factors set forth in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), are met and favor dismissal without the provision of notice to the putative class. Specifically, there is no prejudice to the putative class from (1) class members' possible reliance on the filing of the action if they are likely to know of it because the Parties are unaware of any media attention given to the case, no putative class members have contacted counsel for either Party to inquire about the status of the case or the filing of additional claims, and because the overlapping *Song* matter provides another avenue of relief for the putative class; (2) lack of adequate time for class members to file other actions, because this case has been pending for less than one year, there is no rapidly approaching statute of limitations, and any individual claims potentially benefit from *American Pipe* tolling (*see Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551-52 (1974)), and (3) the settlement of Plaintiff's Individual Claims is fair and reasonable and does not compromise the position of any putative class member, as the dismissal of the class claims is without prejudice to the putative class. As noted, Plaintiff has opted out of the class settlement in the *Song* case; therefore, there is no double recovery or "double dipping" by Plaintiff. Further, the putative class in this Lawsuit is protected because the vast majority of putative class members are also class members in *Song* Case who have already received class notice and will recover as part of the pending *Song* settlement, which is set for a final approval hearing in this Court

on June 21, 2019. In sum, all three *Diaz* factors favor dismissal of the class claims and without the necessity of notice to the putative class.

22. The Parties agree that upon the occurrence of the dismissal of this Lawsuit pursuant to the terms of the PAGA Settlement and this Stipulation, the PAGA Settlement shall be enforceable by the Court and the Court shall retain exclusive and continuing equity jurisdiction of this Lawsuit over all Parties and Aggrieved Employees to interpret and enforce the terms, conditions and obligation of the Agreement.

**IT IS SO STIPULATED.**

Dated: July 2, 2019              LABOR LAW PC,

/s/ Danny Yadidsion
DANNY YADIDSION
Attorneys for Plaintiff JEFFREY BRYCE individually and on behalf of all others similarly situated

Dated: July 2, 2019              LITTLER MENDELSON, P.C.,

/s/ Maggy M. Athanasious
ELIZABETH STAGGS WILSON,
MAGGY ATHANASIOUS
JYOTI MITTAL
JAMES PAYER
Attorneys for Defendants
KINDRED HEALTHCARE OPERATING, INC. (newly converted to KINDRED HEALTHCARE OPERATING, LLC.) and THC-ORANGE COUNTY, LLC (erroneously named as THC-ORANGE COUNTY, LLC and THC-ORANGE COUNTY, INC. as separate entities)

I, Maggy M. Athanasious, am the ECF User whose identification and password are being used to file this Stipulation. In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Plaintiff's counsel concurred in this filing and has authorized the filing.

By: */s/ Maggy M. Athanasious*

FIRMWIDE:164584401.2 091140.1009

LITTLER MENDELSON, P.C.
633 WEST 5TH STREET
63RD FLOOR
LOS ANGELES, CA 90071
213.443.4300

# EXHIBIT A

**PRIVATE ATTORNEYS GENERAL ACT SETTLEMENT AGREEMENT AND RELEASE**

This Private Attorneys General Act Settlement and Release Agreement ("Agreement") is made and entered into by Plaintiff JEFFREY BRYCE ("Bryce" or "Plaintiff") and Defendants THC-ORANGE COUNTY, LLC, formerly THC-Orange County, Inc. ("THC"), and KINDRED HEALTHCARE OPERATING, LLC, formerly Kindred Healthcare Operating, Inc. ("Defendants") (sometimes referred to collectively as "Parties").

## RECITALS

A. WHEREAS, Bryce's employment with THC ended on or about May 7, 2018;

B. WHEREAS, on September 17, 2018, Bryce filed a notice with the Labor and Workforce Development Agency under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) ("PAGA") asserting various alleged Labor Code and wage and hour violations, which was also sent to Defendants;

C. WHEREAS, on September 18, 2018, Bryce filed a lawsuit against Defendants in the Superior Court for the County of Los Angeles, which was designated as Case No. BC722120, asserting class claims, as well as a claim for penalties under the PAGA;

D. WHEREAS, on October 18, 2019, Defendants removed the lawsuit to the United States District Court for the Central District of California, which was ultimately designated as Case No. 2:18-cv-09019-JLS-DFM and assigned to Judge Josephine L. Staton (the "Lawsuit");

E. WHEREAS, on December 18, 2018, Defendants were served with an "Amended PAGA Notice" alleging various Labor Code and wage and hour violations (referred to collectively herein with the aforementioned September 17, 2018 correspondence as the "PAGA Notice");

F. WHEREAS, by way of the Lawsuit, the PAGA Notice and otherwise, Bryce has asserted and threatens to assert claims on behalf of himself, the State of California, and other California employees as alleged in the Lawsuit;

G. WHEREAS, Bryce submitted an opt-out notice that was received on or about May 30, 2019 in connection with the class action settlement pending before Judge Staton in *Song v. THC-Orange County, Inc.*, Case No. 8:17-cv-00965-JLS-DFM (C.D. Cal. 2017) ("Song Case"), in which he is a member of the certified class defined as "all persons who were employed by THC-Orange County, Inc. at any time as non-exempt employees from June 6, 2013 through and including the date the Preliminary Approval Order and Order Approving PAGA Settlement is entered by the Court" ("Class Member");

H. WHEREAS, Defendants contend they have satisfied all of their obligations to Bryce and the allegedly aggrieved employees he seeks to represent, as THC has paid all wages and benefits, including overtime, minimum wages, and meal and rest period premiums, due and owing to them and Defendants deny all of Bryce's allegations in the Lawsuit and PAGA Notice;

I. WHEREAS, there is a bona fide good faith dispute between Bryce and Defendants as to the merits of Bryce's asserted and threatened claims under the PAGA;

J. WHEREAS, the Parties desire to fully and finally resolve and settle Plaintiff's individual PAGA claim arising out of Plaintiff's employment with and separation from Defendant THC and association with Defendants;

1

K. WHEREAS, the Parties do not intend by way of this settlement to settle or affect in any way the representative PAGA claim in the *Song* Case;

L. WHEREAS, Plaintiff is not pursing a representative PAGA claim on behalf of other individuals;

NOW THEREFORE IN CONSIDERATION of the promises and covenants contained in this Agreement, Bryce and Defendant agree to the following:

1. **Definition of Releasees:** References in this Agreement to "Releasees" shall include THC-Orange County, Inc., THC-Orange County, LLC, Kindred Healthcare, Inc., Kindred Healthcare Operating, Inc., Kindred Healthcare, LLC, Kindred Healthcare Operating, LLC, First Healthcare, Inc., Vencare, Inc., Ventas, Inc., Vencor, Inc., Vencor Healthcare, Inc., Vencor Hospital California, Inc., Vencor Operating, Inc., Transitional Hospitals Corporation, a Delaware corporation, Transitional Hospitals Corporation, a Nevada corporation, LV Acquisition Corp., and all of its/their current and former direct and indirect parents, subsidiaries, affiliated and related companies and entities, and all of its/their current and former officers, directors, employees, insurers, reinsurers, attorneys, and agents.

2. **Approval of PAGA Settlement And Dismissal Of Action As Condition Precedent:** In conjunction with this PAGA Settlement Agreement, the Parties are filing with the Court a Stipulation for Approval of PAGA Settlement And Dismissal of Action ("PAGA Settlement and Stipulation") by which the Parties resolve, settle and discharge the Lawsuit on an individual basis with prejudice and dismissing the class and representative claims without prejudice subject to Court approval. This Agreement is contingent upon execution by the Parties and approval by the Court of the PAGA Settlement and Stipulation. The Court's unconditional approval of the PAGA Settlement and Stipulation approving the PAGA settlement and dismissing the Lawsuit as set forth above is an express condition precedent to Defendants and Plaintiff's obligations under this Agreement (including, but not limited to, all payment obligations). If the PAGA Settlement and Stipulation is not unconditionally approved by the Court, then: (1) this Agreement shall be null and void; (2) neither the Settlement nor any of the related negotiations or proceedings shall be of any force or effect; and (3) all Parties to the Settlement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court..

3. **Settlement Payment/Consideration:** In consideration for Plaintiff's agreement to settle and release his individual claim under the PAGA, Defendants agree to pay four hundred dollars and zero cents ($400.00) to settle and release Plaintiff's individual PAGA claim, of which: (1) $300.00 (representing 75% of said $400.00) will go to the Labor & Workforce Development Agency ("LWDA"); and (2) $100.00 will be payable to "Jeffrey Bryce" and shall represent payment for PAGA penalties and for which a form 1099 shall issue. Counsel for Defendants shall distribute said amounts to the LWDA and to Plaintiff no later than fourteen (14) business days of the Court granting approval of the PAGA settlement. Plaintiff agrees that Defendants' designation of settlement funds in the manner set forth in this paragraph is fully acceptable. Plaintiff further acknowledges that the foregoing constitutes an accord and satisfaction and a full and complete settlement of Plaintiff's individual PAGA claim. Defendant's payment set forth in this paragraph shall constitute the entire consideration to be provided to Plaintiff pursuant to this PAGA Settlement Agreement and for resolution of his individual PAGA claim. Plaintiff agrees not to seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this PAGA Settlement Agreement.

4. **Effective Date:** The Effective Date of this PAGA Settlement Agreement is the date that the Court approves the PAGA Settlement and Stipulation as set forth in Paragraph 2. Plaintiff represents that he does not seek to pursue a PAGA claim on behalf of other aggrieved employees and therefore a dismissal with prejudice on behalf of other alleged "aggrieved employees" is not warranted. To the extent the Court does not approve the PAGA Settlement and Stipulation, the Parties and their counsel agree that they will cooperate with each other and use their best efforts to effect the PAGA Settlement to obtain Court approval for same.

5. **LWDA Notification**: Plaintiff will timely provide the notifications and submission to the LWDA as required by Labor Code section 2699(l).

6. **Taxes; Indemnification:** Plaintiff acknowledges and agrees that Defendants have not made any representations regarding the tax consequences of any payment made pursuant to this Agreement. Bryce agrees that he is responsible for payment of any and all taxes on the payments made pursuant to this Agreement. Bryce further agrees to indemnify, hold harmless and defend Defendants against any and all claims, demands, or liabilities that may be asserted by any governmental agency (including but not limited to any local, state or federal taxing authority or agency) against Defendants for any federal, state or local taxes or penalties that may be payable as a result of any payment made pursuant to this Agreement. In addition, Bryce agrees to pay any and all interest or penalties charged to or assessed against Defendants based on any payment made pursuant to this Agreement.

7. **Release of PAGA Claims:** To the greatest extent permitted by law, Plaintiff individually and on behalf of himself only freely, knowingly and voluntarily releases and forever discharges THC-Orange County, LLC (formerly THC-Orange County, Inc.), Kindred Healthcare Operating, LLC (formerly Kindred Healthcare Operating, Inc.) and the Releasees of and from all manner of actions, suits, claims, damages, liabilities, penalties, arbitrations, charges, claims for attorneys' fees, interest, expenses and costs, judgments, awards, orders, executions or demands of any nature whatsoever, whether known or unknown, suspected or unsuspected, against Releasees or any of them, which Plaintiff ever had, now has, or which Plaintiff or Plaintiff's heirs, assigns, executors or administrators hereafter can, shall or may have arising under the California Private Attorneys General Act (California Labor Code section 2698 et seq.) which includes claims brought under the PAGA predicated upon California Labor Code Sections 201-204, 218.6, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, Section 3, 4, 5, 11, and 12 of the Wage Order, and/or any other California Labor Code provisions that could have been asserted under the PAGA in connection with the Lawsuit and/or PAGA Notice ("Released Claims"), including but not limited to any claims for penalties, wages, interest and/or attorneys' fees and costs thereon arising from any and all of the Released Claims. All such Released Claims (including, without limitation, claims for related attorneys' fees and costs) are forever barred by this Agreement regardless of the forum in which they may be brought.

Nothing in this Agreement shall affect any state or federal government agencies' rights and responsibilities to enforce the California Labor Code or any other applicable law, nor shall anything in this Agreement be construed as a basis for interfering with Plaintiff's protected right to file a timely charge with, or participate in an investigation or proceeding with a state, federal or local government entity; provided, however, if the state, federal or local government entity commences an investigation on Plaintiff's behalf pertaining to the claims asserted in the Lawsuit and/or PAGA Notice, Plaintiff specifically waives and releases his right, if any, to recover any monetary or non-monetary benefits of any

sort whatsoever arising from any such investigation or otherwise and from any such administrative charge or complaint filed with any government agency other than the NLRB.

The Parties hereby acknowledge and agree that the representative PAGA claim that is a part of the *Song* Case is not and shall not be settled, negotiated, or affected by this individual PAGA Settlement Agreement by Bryce.

8. **No Admission Of Liability:** This PAGA Settlement Agreement shall not be construed as an admission by Defendants or the Releasees of liability or of any violation of the rights of Bryce or any person, or of any violation of any law, statute, duty or order whatsoever. Defendants and the Releasees do not admit that they ever violated any provision of the California Labor Code, including, but not limited to, those sections for which Plaintiff seeks relief, including under the PAGA, or of any other law. Defendants and the Releasees specifically disclaim any liability to Bryce or any other person, including any allegedly aggrieved employees, for any violation of any contract, law, statute, duty, order, or any other basis. This PAGA Settlement shall not be used or offered as evidence to establish liability against Defendants or the Releasees in any subsequent action or proceeding; provided, however, this shall not prevent the PAGA Settlement from being used, offered, or received in evidence in any proceeding to enforce, construe, or finalize the PAGA Settlement..

9. **Severance:** If any provision of this Agreement is held to be invalid by a court of competent jurisdiction, that provision shall be deemed severed and deleted from this Agreement, and neither that provision nor its severance and deletion shall affect the validity of the remaining provisions. Notwithstanding the foregoing, no portion of any release contained herein may be deemed severed or deleted from this Agreement, except upon waiver in writing by the applicable all Releasees. If such release is found to be invalid, this entire Agreement shall be deemed null and void.

10. **Choice of Law:** This PAGA Settlement Agreement is to be interpreted pursuant to the laws of California, except where the application of federal law applies.

11. **Counterparts/Facsimile Signatures:** This PAGA Settlement Agreement may be executed in counterparts, and signatures exchanged by facsimile or other electronic means (e.g., PDF) shall be effective for all purposes hereunder to the same extent as original signatures, all of which when taken together shall constitute the Agreement. Any Party who delivers a facsimile or PDF signature page agrees to later deliver an original signature page to any Party who requests it.

/ / /

/ / /

/ / /

/ / /

Having read, understood, and agreed to the foregoing terms and conditions, the Parties hereby voluntarily execute this PAGA Settlement Agreement by placing their signatures below.

06/10/2019
Date

*[signature]*
JEFFREY BRYCE

6·14·19
Date

By: *[signature]*
Deidra Byrd
THC-ORANGE COUNTY, LLC and KINDRED HEALTHCARE OPERATING, LLC

Approved as to form:

6/25/19
Date

*[signature]*
Danny Yadidsion
Counsel for Plaintiff Jeffrey Bryce

6-25-19
Date

*[signature]*
Elizabeth Staggs Wilson
Counsel for Defendants THC Orange County, LLC and Kindred Healthcare Operating, LLC

FIRMWIDE:164579463.2 091140.1009